UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                                    NOT FOR PUBLICATION
-------------------------------------------------------------------x
TYRONE PRINCE,

                Plaintiff,                                            MEMORANDUM
                                                                      AND ORDER

       -against-

                                                                      12-CV-3802 (JG)

DASSILYN, Landlady,

                Defendant.
-------------------------------------------------------------------x
JOHN GLEESON, United States District Judge:

        On July 30, 2012, plaintiff Tyrone Prince filed this *pro se* complaint against his landlord. Plaintiff's request to proceed *in forma pauperis* is granted for the limited purpose of this Order, but the complaint is hereby dismissed.

### BACKGROUND

        Plaintiff alleges that he rents a room at 1447 East 87th Street in Brooklyn, New York, from defendant Ms. Dassilyn. He has been paying rent of $160 in cash per week since he moved in, around October 2011. He alleges that Dassilyn has erroneously claimed that he owes $60 of back rent. He also alleges that a disagreement arose about dirty dishes left in the sink. According to his complaint, Plaintiff received a telephone call from Dassilyn on July 15, 2012, demanding that he move out. Plaintiff states that he has sought advice from the Housing Court, the Community Affairs Officer at the 69th Precinct, and the District Attorney's Office. He now asks this court "to order the defendant to reimburse all the cash money paid to her, since my tenancy."

DISCUSSION

The court is mindful that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation omitted). However, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Moreover, pursuant to the *in forma pauperis* statute, the court must dismiss a complaint if it determines that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A plaintiff seeking to bring a lawsuit in federal court also must establish that the court has subject matter jurisdiction over the action. *See, e.g.*, *Rene v. Citibank NA*, 32 F. Supp. 2d 539, 541-42 (E.D.N.Y. 1999). "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000). Federal subject matter jurisdiction is available only when the complaint presents a federal question, or when plaintiff and defendants have complete diversity of citizenship and the amount in controversy exceeds $75,000. *See* U.S. Const. art. III, § 2; 28 U.S.C. §§ 1331, 1332. In order to invoke federal question jurisdiction, the plaintiff's claim(s)

must "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Plaintiff has failed to establish any basis for the court's subject matter jurisdiction over the instant action. Both Prince and Dassilyn appear to be citizens of New York, and the controversy involves only $60; therefore no diversity jurisdiction lies. Nor does the complaint support federal question jurisdiction. "[F]ederal courts do not have federal question subject matter jurisdiction over state residential landlord-tenant matters." *Galland v. Margules*, No. 05 Civ. 5639, 2005 WL 1981568, at *1 (S.D.N.Y. Aug. 17, 2005)); *see also United Mut. Houses, L.P. v. Andujar*, 230 F. Supp. 2d 349, 354 (S.D.N.Y. 2002) (remanding to state court upon finding no basis to exercise jurisdiction over removed housing court action, noting "it is well settled that the landlord-tenant relationship is fundamentally a matter of state law" (quoting *Hearn v. Lin*, No. 01-CV-8208, 2002 WL 720829, at *4 (E.D.N.Y. Feb. 14, 2002))). Accordingly, to the extent that plaintiff seeks assistance in resolving a dispute with his landlord, this court lacks jurisdiction to hear his claim. As plaintiff has not raised any issue arising under federal law or any other basis for this court's subject matter jurisdiction, his claims against defendant Dassilyn must be dismissed.

## CONCLUSION

Plaintiff's request to proceed *in forma pauperis* is granted for purposes of this Order. As plaintiff has failed to establish the court's jurisdiction over his claims, the complaint is dismissed pursuant to Fed. R. Civ. P. 12(h)(3). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.


John Gleeson, U.S.D.J.

Dated:     August 16, 2012
           Brooklyn, New York